UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Albert Ray Steward, III,

     Petitioner,

v.

H & R Block Financial Advisors, Inc.,

     Respondent.

MEMORANDUM OPINION
AND ORDER
Civil No. 08-5994

_____

     Petitioner is *pro se*.

     Kim Ruckdaschel-Haley and Christopher A. Grgurich, Lindquist & Vennum, P.L.L.P., for and on behalf of Respondents.

_____

     This matter is before the Court on the Petition to Vacate the Arbitration Award. (Doc. No. 1.)  For the reasons set forth below, the Petition to Vacate is dismissed and the Arbitration Award is confirmed.

**BACKGROUND**

     Petitioner opened a brokerage account with Respondent Ameriprise Advisor Services, Inc., f/k/a H&R Block Financial Advisors, Inc. ("HRBFA") in January 2001.  (Ex. 3, Hearing T. at 93-94.)  The first deposit into this account occurred on January 8, 2004, at which time Petitioner submitted a check, payable

to Petitioner, in the amount of $42,800.90.  (Id. at 58.)  Ultimately, it was determined that the check was fraudulent, and said check was returned to HRBFA by the issuing bank on February 2, 2004.  (Id. at 107-08.)  HRBFA contends that on that same day, it notified Petitioner that the check had been returned unpaid by debiting his account.  (Id. at 108.)

Petitioner contends that he received a check in the amount of $42,800.90 from the Jewish Theological Seminary ("JTS") for the sale of software codes.  The sale agreement with JTS also provided that Petitioner would receive 20% of any collected fees received from anyone caught using the software without paying the proper fees, not to exceed $15,000,000.  (Ex. 1, p. 1.)  When he deposited the check with HRBFA, Petitioner asserts that he was told that when the check cleared, he would be issued checks and a VISA card on the account.  (Id.)  Thus, when he received the checks and the VISA, he was under the impression that the checks had cleared.  At that time, he also released the source codes to JTS.  (Id.)

Petitioner further contends that HRBFA did not notify him in a timely manner that the check was determined to be fraudulent and that it was returned unpaid.  As a result, he continued to write checks, and was humiliated when at a client lunch, his HRBFA issued VISA card was declined, and his client was forced

to buy the lunch.

On May 29, 2007, Petitioner commenced this action by filing a Statement of Claim with the New York Stock Exchange ("NYSE"). (Ex. 1.) Petitioner alleged violations of Articles 3 and 4 of the Uniform Commercial Code ("UCC"), and sought as damages of $42,800.00, the amount of the check, and $15,000,000, the amounts he argues he is entitled to under his agreement with JTS, as well as $45,000,000 in punitive damages. (Id. at 1-2.) HRBFA served it's Answer on August 20, 2007. (Ex. 2.) Petitioner's claims are based on the theory that HRBFA is a bank. HRBFA asserts, however, that it managed brokerage accounts, and is not considered a bank for federal regulatory purposes.

The parties selected a Panel pursuant to the process set forth in the Financial Industry Regulatory Authority's Code of Arbitration Procedures. The parties then participated in discovery. The arbitration hearing was held on October 14, 2008. Although HRBFA had filed two motions to dismiss, the Panel took those motions under advisement and allowed the parties to argue the merits of the claims, and to provide evidence to the Panel supporting their claims. On October 21, 2008, the Panel issued its decision, denying Petitioner's claims, and assessing costs to Petitioner in the amount of $3,450. (Ex. 6.)

Petitioner thereafter filed this action, seeking to vacate the arbitration award because the Panel engaged in misconduct by refusing to hear and consider evidence pertinent to his claims. Petitioner further asserts the Panel allowed HRBFA to relitigate issues to which HRBFA did not timely object, and that the Panel exceeded its powers, and imperfectly executed them, with the result that a mutual, final and definite award relating to the subject matter was never made. Petitioner also asserts he was denied a fair hearing and that the Panel acted in manifest disregard of the law by failing to adhere to controlling Michigan law.

**STANDARD**

This action is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq. Upon application of a party, the court may vacate an arbitration award:

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators are guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; and

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Id. § 10.

The Court's review of an arbitration award is limited, and the Court cannot substitute its judgment for that of the arbitrator.  Gas Aggregation Serv., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003).

> Courts may not review the merits of an arbitration award "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.  Even if the court is convinced that the arbitrator committed serious error, so "long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," arbitration awards must be confirmed.

Id. (internal citation omitted).  Beyond the grounds that are listed in the FAA, an arbitration award will be vacated only where the award is "completely irrational or evidences a manifest disregard for the law."  Id. at 1065.

**ANALYSIS**

As noted above, Petitioner has asserted a number of grounds upon which to vacate the award. He first argues that the Panel applied the incorrect law in dismissing his claims as untimely.  Given the fact that the Panel chose not to provide its reasoning for dismissing Petitioner's claims, it is unclear whether the claims were dismissed as being untimely.[1]  While a motion to dismiss based on

---

[1] Arbitrators need not articulate reasons for their decisions, however.  Hoffman v. Cargill Inc., 236 F.3d 458 (8th Cir. 2001) (citing, Alexander v. Gardner-Denver Co., 415 U.S. 36,

statute of limitations was pending, the Panel nonetheless held the motion under advisement, and heard evidence as to the merits of Petitioner's claims. (<u>Id.</u> at 23.) Petitioner has thus failed to establish that the award is based upon the application of incorrect law.

Petitioner further argues that the Panel refused to hear material evidence, but the record does not support this claim. In fact, the record demonstrates that the Panel accepted any and all evidence offered by the Petitioner at the hearing. (<u>See</u> <u>generally</u> Ex. 3.)

Petitioner also asserts that the Panel did not adhere to controlling law, as is evident by the fact that the UCC clearly establishes that HRBFA was a bank and therefore subject to Articles 3 and 4, which required it to notify Petitioner that the check at issue was dishonored within a certain period of time. HRBFA argued that the UCC did not apply, and offered evidence from an expert, Professor Edward Adams from the University of Minnesota, who opined that HRBFA is not a bank governed by the UCC. He further testified that even if the UCC did apply, principles of equity and common law supplement the UCC and as Petitioner has unclean hands, his claims would fail. Furthermore, HRBFA

---

58 (1974)).

provided testimony from Ann Applebaum (from JTS, testifying that the check was a forgery), Jennifer McCallion (testifying that Petitioner's account was debited on the same day HRBFA received notice the check was a forgery), as well as numerous exhibits supporting its position. Based on the evidence presented by HRBFA, the Court finds no merit to Petitioner's claim that the Panel did not apply controlling law.

The Court has thoroughly reviewed the record in this case, including the documents submitted by Petitioner at the hearing before this Court, and has considered all of the arguments submitted by the parties, and finds that Petitioner has failed to show any basis for vacating the arbitrator's award. Accordingly,

IT IS HEREBY ORDERED that the Petition to Vacate the Arbitration Award [Doc. No. 1] is DISMISSED and the Arbitration Award dated October 21, 2008 is CONFIRMED.

Date: May 28, 2009

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court